UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SANDRA STONE                                                                PLAINTIFF

V.                                                    Civil Action No. 1:16-cv-164-GHD-DAS

KROGER LIMITED PARTNERSHIP I                                          DEFENDANT

<u>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Before this court is Defendant Kroger Limited Partnership's ("Kroger") motion for partial summary judgment on the issue of medical treatment and expenses [Doc. No. 31]. Having considered the motion, the court finds that it should be granted.

**Factual and Procedural Background**

On September 27, 2014, the Plaintiff, Sandra Stone, entered the Kroger supermarket in Columbus, Mississippi. [Doc. No. 31-1, Deposition of Sandra Stone, at pg. 11.] As she entered the store, Stone alleges she slipped on some liquid detergent another customer had spilled on the floor. *Id.* at pg. 17. When she slipped, she fell and struck her back on the floor. *Id.* at pg. 16. After being helped up, Stone continued shopping and returned home. *Id.* at pp. 30-31.

About a month later, in late October 2014, Stone took a trip, traveling two days by car to Maryland, staying there for several days, and then traveling two days back by car. *Id.* at pp. 34-36. The next month, in November 2014, Stone sought medical attention for pain in her left leg. *Id.* at pg. 38. She was diagnosed with deep vein thrombosis. *Id.* at pg. 40. Stone underwent surgery to correct the problem, but developed a retroperitoneal hemorrhage as a surgical complication, for which she remained hospitalized for several days. *Id.* at pp. 42-43.

Stone has now filed this premise liability suit alleging negligence against Defendant Kroger for failing to clean up the detergent that allegedly caused Stone to slip and fall. In a supplemental response to Kroger's first set of interrogatories, Stone identified two of her treating physicians as

1

lay witnesses, but she has not designated any experts to testify about medical causation. Kroger subsequently filed this motion for partial summary judgment, seeking to dismiss Stone's claims for damages arising out of her medical treatment. Stone has responded and the matter is now ripe for review.

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. "An issue of fact is material only if its resolution could affect the outcome of the action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 Fed. App'x 308, 312 (5th Cir. 2016) (per curiam) (quoting *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002) (internal quotation marks omitted))).

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct.

2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 Fed. Appx. 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). With the foregoing standard in mind, the Court turns to the issues before it.

## Analysis

Kroger's argument for summary judgment rests on two points. First, Kroger notes that Stone has failed to designate any expert witness to testify that her fall in Kroger caused her thrombosis and hemorrhage. Second, because Stone has no designated medical expert testimony, she has not, and cannot, establish a genuine issue of material fact that her fall caused her injuries. In other words, Kroger argues, even if Stone could prove that Kroger's negligence caused her fall, she cannot prove her thrombosis and hemorrhage resulted from that fall, and therefore cannot seek damages for her medical treatment and subsequent surgical complication from Kroger.

### 1. Plaintiff's Witness Designation

Fed. R. Civ. P.26(a)(2)(C) and Uniform Local Civil Rule (26(a)(2)(D) provide that when a party seeks to offer expert testimony through a treating physician, they must provide "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

A treating physician who is not designated as an expert may still testify as a fact witness. *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2903253, at *2 (S.D. Miss. July 6, 2017). However, the physician may only "testify as to basic facts known to [them] as a treating physician without expressing any opinion at all." *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004). "They may not provide any fact or opinion testimony informed by or based on their specialized or technical experience, knowledge, or training." *Walker*, 2017 WL 2903253, at *2.

In her supplemental response to Kroger's interrogatories, Stone identified Dr. Francisco Sierra, Dr. Min Sang Kim, and Dr. Harry L. Richardson, as fact witnesses. P's. Supp. Resp. to Interrogatories [Doc No. 31-2]. Stone did not identify any of these doctors as expert witnesses, and she did not provide a summary of the facts and opinions to which the doctors are expected to testify. Therefore, the doctors are not designated as experts, and the Court rules that they may only testify as to basic facts known to them without providing an opinion.

### 2. Plaintiff's Causation Evidence

Kroger argues that because Stone's doctor witness are not experts, they are unable to opine that her fall is what caused her injuries. Without this testimony, Stone is entirely unable to establish that the treatment she sought was as a result of her fall.

Stone argues that expert testimony is not required to establish her injuries were caused by the fall. That is not so. "In all but the simple and routine cases . . . it is necessary to establish medical causation by expert testimony." *Cole v. Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958); *see also Graham v. All Am. Cargo Elevator,* No. 1:12-CV-58-HSO-RHW, 2013 WL

5604373, at *6 (S.D. Miss. Oct. 11, 2013)("Expert testimony is generally required to support medical causation . . ."). The only evidence concerning medical causation in the record is Kroger's expert witness, Dr. Marc Mitchell, who opined that Stone's thrombosis was a result of a pre-existing condition called May-Thurner Syndrome, which was worsened by her extended car trip. Dr. Mitchell Report [31-4] at pg. 2. Stone has not designated any expert to rebut this testimony.

Stone submits two affidavits from her and her son in attempt to establish a genuine issue of material fact. Affidavit of Sandra Stone [Doc. No. 34-2]; Affidavit of Larry Stone [Doc. No. 34-3]. But these affidavits must be disregarded. This testimony is at worst, inadmissible hearsay, and at best speculative. Stone and her son state that two unnamed doctors, who appear to be two of the treating physicians who are designated as fact witnesses, told Stone her injuries were a "result of trauma," and that it "seemed" the fall was "only logical reason for this pain and resulting diagnosis." Affidavit of Sandra Stone at pg. 1; Affidavit of Larry Stone at pg. 2. No doctors identified the fall as this unnamed trauma. In addition, neither Stone nor her son are experts who may opine whether the fall caused Stone's thrombosis and hemorrhage. The Court therefore finds that to allow this testimony to defeat summary judgment would wholly undermine the expert witness designation requirements of Rule 26, which are designed to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Industries*, 2009 WL 3246630 at * 2 (N.D. Miss. Sept. 30, 2009) (internal quotations omitted).

## Conclusion

The Court finds that the Defendant has established that no genuine issues of material fact exist as to whether plaintiff's thrombosis and hemorrhage were caused by her alleged fall on defendant's premises. Therefore, Kroger's motion for partial summary judgment should be granted and Stone's claims for damages arising from her thrombosis and hemorrhage and associated medical costs and expenses shall be dismissed.

Therefore, it is hereby ORDERED that Kroger Limited Partnership I's motion to dismiss [Doc. No. 31] is GRANTED. The plaintiff's claims for damages arising from her thrombosis and hemorrhage and associated medical costs and expenses are DISMISSED.

All memoranda, depositions, declarations, and other materials considered by the Court in ruling on this motion are hereby incorporated into and made a part of the record in this action.

THIS, the 18th day of January, 2018.

/s/ 
SENIOR U.S. DISTRICT JUDGE